# Pennsylvania Railroad Company, Lessee of Philadelphia & Erie Railroad Company, Plff. in Err., *v.* John J. Japes.

In an action under the act of March 28, 1868 (P. L. 514) and its supplement of April 17, 1869 (P. L. 1125) requiring sufficient cattle guards at road crossings, for the killing on defendant's railroad of plaintiff's cow, where the evidence did not show how the cow got on the track, *held,* that it was not error: (1) To admit the evidence of the plaintiff as to the insufficiency of a cattle guard near where the accident occurred; (2) to reject as irrelevant evidence offered by the defendant as to the sufficiency of a like cattle guard on the same railroad but in another township; and (3) to submit to the jury the question as to the sufficiency, under the act, of the cattle guard in question.

(Argued May 23, 1887. Decided January 23, 1888.)

January Term, 1886, No. 369, E. D., before Gordon, Ch. J., Trunkey, Sterrett, Green, Clark, and Williams, JJ. Error to the Common Pleas of Warren County to review a judgment on a verdict for the plaintiff in an action of trespass on the case for negligence. Affirmed.

At the trial before Brown, P. J., the following facts appeared:

This action was brought by the plaintiff under the provisions of the act of March 28, 1868 (P. L. 514) requiring railroads in Warren county to construct good and sufficient fences along their track "except through incorporated boroughs," and cattle guards at "all road crossings, sufficient to prevent orderly cattle . . . from straying upon" the track. By the supplemental act of April 17, 1869, a company neglecting said duties was made answerable to the owners of the cattle to the value of the property injured in consequence of said neglect.

The plaintiff offered to testify that the cattle guards in use on the defendant's road would not turn cattle, and that he had often seen cattle cross a guard in sight of his house. Objection by defendant, that the insufficiency of the cattle guard was not for the jury—the sufficiency of the guard being a matter for the sound discretion of the operating officers of the road. Objection overruled, and testimony admitted.

Exception. [1]

Defendant offered W. C. Howard to show that at the public road in Columbus, where he resided for a long time, the guards had been open ones, which cattle would cross, but that since the adoption of guards similar to that claimed to have been used at the crossing where the plaintiff's cow was killed, cattle would not cross—this for the purpose of showing the sufficiency of defendant's guard. Objection by plaintiff that the guard referred to being in Columbus township, the evidence was incompetent and irrelevant.

Objection sustained. Exception. [2]

The plaintiff lived in the borough of Clarendon, in said county, and on or about July 21, 1885, he turned his cow out, with some others belonging to a neighbor, to feed and graze on the public commons. He started her toward the east and heard nothing further until sent for to go and see her, finding her on the right of way of the Railroad company, so badly injured that she was afterward killed. How or where she came upon the railroad track did not appear at the trial, except as inferred from the place where she was found. It was not claimed that the cow was injured as the result of a defect in fences; and the testimony of the plaintiff below was directed mainly to the character of certain cattle guards in and east of Clarendon, and

to show that cattle had been seen to go over these guards and on-to the track. The defendant below offered testimony of experienced railroad men, tending to show that the cattle guards in question on the track of the defendant company were the best known or that could be devised, all purposes and things considered.

The defendant presented, *inter alia,* the following points:

1. Under the undisputed evidence in this case the cattle guard in question is the best known in the opinion and judgment of experienced railroad managers, for the prevention of trespasses of cattle upon the railroad track, consistent with the safety of the traveling public and the protection of the property and lives of the employees of the Railroad company, and the defendant company is not, therefore, within the penalties provided in the act of assembly, and the plaintiff cannot recover.

*Ans.* Refused. [3]

3. Under all the evidence in this case, the defendant company has not disregarded the provisions of the act of assembly, and the plaintiff cannot recover.

*Ans.* Refused. [4]

4. The provisions of the act of assembly in question do not require the defendant company to protect the crossings with cattle guards within the limits of the borough of Clarendon, and if the jury believe that the plaintiff's cow came upon the railroad track of defendant within the limits of the borough of Clarendon and was injured, the plaintiff cannot recover.

*Ans.* Refused. [5]

Verdict and judgment were for the plaintiff, for $51.83.

The assignments of error specified: (1) the admission of the evidence of the plaintiff as above; (2) the rejection of the evidence offered by defendant; and (3-5) the refusal of defendant's points.

*J. Ross Thompson* and *S. T. Neill,* for plaintiff in error.—By a supplement of April 17, 1869, a penalty for a neglect to perform the duties imposed by the act of March 28, 1868, was provided, and the act and supplement extended. The supplemental act provides "that if any company referred to in said act shall neglect to perform the duties imposed by said act, the company so offending shall be answerable to the owners of

cattle; horses, sheep, or swine, the value of the property in jured upon said roads in consequence of such neglect."

Under the former act there was no penalty except the 10 per cent additional to the cost of construction of fences and cattle guards.   The supplement, however, is peculiarly penal, inasmuch as the amount of the penalty is subject to the caprice of the jury before which the case is tried; and the payment of the value, as ascertained by a jury, is not because of a right in the owner to compensation to that extent, but because of a violation of a police regulation on the part of the railroad company. Pennsylvania R. Co. v. Riblet, 66 Pa. 164, 5 Am. Rep. 360.

The fact that cattle may have got upon the track on other occasions, and over a cattle guard, at a place where the defendant company, perchance, may not have been required to put one, proved nothing.   Cattle upon a railroad track are traspassers. New York & E. R. Co. v. Skinner, 19 Pa. 298, 57 Am. Dec. 654.

Where the issue was as to sufficiency of a fence to turn stock, it was held error to permit witnesses, who showed no other qualifications than that they had seen the fence, to give to the jury their opinions as to the sufficiency of the fence to turn stock.   Baltimore & O. R. Co. v. Schultz, 43 Ohio St. 270, 54 Am. Rep. 805, 1 N. E. 324.

There being no evidence as to neglect in constructing and keeping in repair any particular cattle guard, the defendant proved by the testimony of competent railroad managers that the kind of cattle guard it had adopted, and which was in general use on the line of its road, was the best kind known, everything considered.

It is the duty of the court to say, when facts are undisputed, whether they are a compliance with the statutory requirement or not; and our first point should have been affirmed.   There was nothing for the jury.   As was well said by the court: An absolutely perfect cattle guard was not required, and to require it would compel the company to fence up its road and stop running trains.   The fact that cattle got upon the track was not enough to take the plaintiff's case to the jury.

In Jennings v. Pennsylvania R. Co. 93 Pa. 337, it was said, in regard to a spark arrester: "To hold that the fact of the fire having taken place was prima facie evidence that the spark arrester was defective and therefore that the case ought

to have been submitted to the jury, would be practically to hold railroad companies liable for all fires."

If there be no evidence from which the jury can properly find for the party on whom the burden of proof rests, the question should be withdrawn by a binding charge. Youngman v. Miller, 98 Pa. 196; Hoag v. Lake Shore & M. S. R. Co. 85 Pa. 293, 27 Am. Rep. 653; Nagle v. Allegheny Valley R. Co.. 88 Pa. 35, 32 Am. Rep. 413; Angier v. Eaton, C. & B. Co. 98 Pa. 594; Philadelphia & R. R. Co. v. Schertle, 97 Pa. 454.

No witness saw the plaintiff's cow when she went on the track of the Railroad company, or when she was struck. It was admitted that the defendant company complied with the law as to fences.

The conduct of the plaintiff precluded a recovery. He testified that he was in the habit of turning his cow out toward the Bean farm, and that he often saw her on the track. This was, doubtless, within the borough limits, for he says he would, on seeing the cow on the track, send the children after her.

In Marsh v. New York & E. R. Co. 14 Barb. 364, it was held gross carelessness for a person to suffer his cattle to go at large on the highway in the immediate vicinity of a railroad, whether the railroad be fenced in or not.

No act of assembly can be found in which streets or alleys in a borough are called roads or road crossings, nor are roads or road crossings called streets or alleys. If this cow, therefore, came upon defendant's track within the limits of the borough of Clarendon, there could be no recovery. Louisville, N. A. & C. R. Co. v. Goodbar, 102 Ind. 596, 2 N. E. 337, 3 N. E. 162.

*Chas. H. Noyes* and *Watson D. Hinckley,* for defendant in error.—The act of assembly requires railroad companies to construct cattle guards sufficient to prevent orderly cattle, horses, sheep, and swine from straying upon any railroad track in said county, and it would seem that the question whether a particular appliance is such as the act describes, is to be referred to the jury, and not to the superintendent and supervisor of the company.

Had the evidence offered in the bill of exceptions, which forms the second assignment, related to the cattle guards in question in this case, it might have been competent. The plaintiff could not be prepared to meet evidence of the condition and

effect of cattle guards along the whole 400 miles of the defendant's line. The defendant was permitted to show by experts, so-called, in general, the effect of cattle guards of the kind which were built at the road crossings in question; but the condition and effect of any particular guard, except those claimed by the plaintiff to be insufficient, was certainly immaterial.

Where the facts relating to the construction and condition of the fences and cattle guards are shown, the jury are capable of forming a correct judgment regarding their sufficiency. St. Louis & S. F. R. Co. v. Ritz, 33 Kan. 404, 6 Pac. 533.

There was no evidence whatever that the plaintiff's cow got upon the track of defendant within the limits of the borough of Clarendon and was hurt; and therefore the defendant's fourth point was properly refused, even if the law assumed in it is correct.

The law is not to receive the strict and rigid construction contended for, it being a remedial and police regulation for the good of the traveling public. Dunkirk & A. Valley R. Co. v. Mead, 90 Pa. 454.

A cattle guard is such an appliance as will prevent animals from going upon the land adjoining the right of way. Missouri P. R. Co. v. Morrow, 32 Kan. 217, 4 Pac. 87.

A pit under the track is not sufficient. Missouri P. R. Co. v. Manson, 31 Kan. 337, 2 Pac. 800.

The fact that the cattle are running at large does not preclude recovery. Gillam v. Sioux City & St. P. R. Co. 26 Minn. 268, 3 N. W. 353; Krebs v. Minneapolis & St. L. R. Co. 64 Iowa, 670, 21 N. W. 131; Chicago, B. & Q. R. Co. v. Sims, 17 Neb. 691, 24 N. W. 388; Dunkirk & A. Valley R. Co. v. Mead, 90 Pa. 454.

PER CURIAM:

This case involved nothing of material consequence except questions of fact which were properly submitted to the jury.

The judgment is affirmed.